# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4847 | **DATE** | 9/12/2003 |
| **CASE TITLE** | KENNETH WASHINGTON vs. DENNIS L. HOCKADAY, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies petitioner Kenneth Washington's petition for a writ of habeas corpus. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP ? 03 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH WASHINGTON,  )  <br> ) <br> Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> DENNIS L. HOCKADAY, Warden,  ) <br> ) <br> Respondent.  ) | Judge Ronald A. Guzmán <br><br> 02 C 4847 |

Before the Court is Kenneth Washington's petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court denies the petition.

## FACTUAL BACKGROUND

When considering a habeas corpus petition this Court presumes that the factual determinations of the state courts are correct. *See Biskup v. McCaughtry*, 20 F.3d 245, 248 (7th Cir. 1994). Thus the Court adopts the facts as set forth by the Illinois Appellate Court in *People v. Washington*, No. 1-98-2629 (Ill. App. Ct. 2000).

On January 2, 1991, firefighters and police were called to a fire at an apartment building located at 907 West Argyle Avenue in Chicago, Illinois. Arriving at the scene, firefighters found one of the building's occupants, Charles Conley, badly burned. Police officers spoke with witnesses, including Madeline Washington and Carmen Black, and then placed defendant, the building's manager, under arrest for suspected arson. At trial, Madeline Washington and Carmen Black ("the witnesses") testified that they heard defendant say he was going to set fire to the building in order to kill one of the occupants

who he did not like. Madeline Washington also testified that a few hours before the fire she had seen defendant removing the doorknobs from the building's fire-escape doors.

After inquiries at the scene, police took the defendant and the witnesses to the police station. Based on information obtained at the station, Detective Lawrence Gates ("Gates") returned to 907 West Argyle and went to Apartment #111. Finding the door ajar, Gates entered and seized a pillowcase and a gasoline can. Gates then returned to the station, confronted defendant with this new evidence, and defendant confessed to having started the fire. Seventeen days after the fire, Charles Conley died as a result of injuries caused by the fire.

Following a bench trial, defendant was found guilty of aggravated arson and first degree murder. During the trial, defendant moved to suppress the gasoline can and pillowcase seized during Gates' search of Apartment #111. The trial court reserved its ruling on defendant's motion until after all of the evidence had been presented. At the suppression hearing, the trial court heard testimony from defense witnesses regarding Apartment #111, but nonetheless ruled that defendant lacked standing to challenge the search because he did not have a reasonable expectation of privacy in Apartment #111.

Aided by the Cook County Public Defender, Washington appealed the denial of his motion to suppress in the Illinois Appellate Court. The Appellate Court affirmed the trial court's ruling that the defendant lacked a reasonable expectation of privacy. The Appellate Court applied six factors from *People v. Bower*, 685 N.E. 2d 393, 395 (Ill. App. Ct. 1997): (1) ownership of the property searched; (2) whether the defendant was legitimately present in the area searched; (3) defendant's possessory interest in the area searched or property seized; (4) whether defendant previously used the area searched or

property seized; (5) defendant's ability to control and exclude others; and (6) defendant's subjective expectation of privacy. *People v. Washington*, No. 1-98-2629 (Ill. App. Ct. Dec. 14, 2000), at 4. The Appellate Court found one factor weighed in defendant's favor, *i.e.*, that defendant had previously used the area searched, and one factor did not apply to the case, *i.e.*, that defendant could not have been legitimately present at the time of the search because he was in custody at the time of the search. The Appellate Court held that the other four factors weighed in favor of the prosecution. First, defendant did not own the building. Second, defendant was unable to exclude other maintenance personnel from the apartment because the other maintenance personnel also had keys to the apartment. Third, defendant alleged, but failed to prove, that he kept personal possessions in the apartment. Fourth, because the door was ajar at the time of the search, defendant did not have a subjective expectation of privacy regarding the apartment. *Id.*, at 5.

On December 14, 2000, Washington, represented by an appointed public defender, filed his direct appeal in the Appellate Court of the State of Illinois. The appellate court affirmed the trial court's ruling that Washington lacked standing to challenge the search of Apartment #111. On April 26, 2001, the Illinois Supreme Court denied Washington's request for review of his Fourth Amendment claim. On July 9, 2002, Washington filed a *pro se* petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois.

## DISCUSSION

Washington bases his petition on the ground that the trial court violated his

constitutional rights when it denied his motion to suppress evidence obtained when a police officer entered apartment #111 without a warrant. However, respondent argues that the petitioner's claim is not a cognizable claim for collateral review, and this Court agrees.

Although both state and federal courts are required to apply the exclusionary rule during trial and on direct appeal, the exclusionary rule does not serve as a basis for collateral relief. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). The exclusionary rule should not be applied in the context of habeas petitions because using the rule does not "appreciably augment the deterrence of improper police conduct." *Hampton v. Wyant*, 296 F.3d 560 (7th Cir. 2002), cert. denied, 123 S.Ct. 443 (2002); *see also Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003). Thus, "[i]n this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of application of the rule persist with special force." *Hampton*, 296 F.3d at 561.

However, a petitioner may successfully ground his habeas petition on a denied motion to suppress only when he has been denied an opportunity for "full and fair" litigation of his Fourth Amendment claim. *Id.* at 562. An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *See Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994). For the opportunity to be "full and fair," state courts must provide "a mechanism under which to litigate a Fourth Amendment claim"

4

and that mechanism must not be "in some way a sham." *Cabrera*, 324 F.3d at 531. However, while "full and fair" guarantees the right to present one's claim, it does not guarantee that the state court will come to a correct result. *Id.* at 532. An error, even an egregious error, on the part of the state judiciary does not give rise to a cognizable claim absent circumstances implying a refusal by the state judiciary to take seriously its obligation to adjudicate claims under the Fourth Amendment. *Hampton*, 296 F.3d at 563-64. Examples of such circumstances include: a closing of the judicial ear and mind to argument, judicial sleepwalking, accepting of bribes, or a refusal by the state judiciary to acknowledge the warrant requirement. *Hampton*, 296 F.3d at 563-64; *see also Cabrera*, 324 F.3d at 531-32.

Applying the facts of this case to the standard set forth in *Hampton* and *Cabrera*, this Court finds that Washington had a full and fair opportunity to litigate his claim. The trial court held a hearing on the issue, heard the testimony of defense witnesses, and denied defendant's motion for lack of standing. On direct appeal, the Illinois Appellate Court scrutinized the record, applied current law, and affirmed the trial court's decision to deny Washington's motion. Washington argues as a basis for his petition that the Appellate Court unreasonably emphasized the third *Bower* factor, *i.e.*, the ability to exclude others. (Mem. Supp. Pet. Writ Habeas Corpus, at 2-3.) Even if this Court were to assume that Washington's characterization of the Illinois Appellate Court's opinion is correct, that might be enough to support the conclusion that the state judges erred. However, a claim for collateral relief based on an erroneous application of Fourth Amendment law faces a preliminary hurdle: the defendant must have been denied a full and fair opportunity to litigate his claim. Washington does not make it over this

5

preliminary hurdle because he fails to demonstrate that there was a subversion of the hearing process, in other words, that the process was a sham or that there was improper judicial conduct. Nothing in the record suggests that a state judge "had his mind closed to the necessity of a hearing, or was bribed," or that the judge decided that warrants should no longer be required in Illinois, or that the judge "was sleepwalking." *Cabrera*, 324 F.3d at 531.

Because the record in this case shows that Washington had a full and fair opportunity to argue his motion before the Illinois courts, and because this is the sole basis defendant presents in support of his petition, his claim for relief is not cognizable.

## CONCLUSION

For the reasons stated above, the Court denies petitioner Kenneth Washington's petition for a writ of habeas corpus. This case is hereby terminated.

**SO ORDERED**  **ENTERED:** 9/12/03

HON. RONALD A. GUZMAN
**United States Judge**

6